IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAYRA BALANIAN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-5352 |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

___

**Diamond, J.**                                                                                                                  **November 1, 2005**

## MEMORANDUM

Plaintiff Nayra Balanian challenges the denial of her claim for Disability Insurance Benefits under Title II of the Social Security Act. The Commissioner and Plaintiff have cross-moved for Summary Judgment. I deny Plaintiff's Motion and grant Summary Judgment in favor of the Commissioner.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff Nayra Balanian is 53 years old, holds a college degree in Armenian Studies from Lebanon, and has worked as a teacher of Armenian and as a receptionist. (Tr. 165–67). She is married and lives at home with her husband and son. (Tr. 166).

On July 26, 2001, Plaintiff filed a DIB application, alleging that she had been disabled since June 15, 2001, due to pain in her left knee, neck, shoulder, arms, and hands. 42 U.S.C. §§ 1381–83 (2004); (Tr. 42–45, 59). Following the denial of her application, Plaintiff requested a hearing before an Administrative Law Judge. On August 13, 2002, the ALJ held a hearing at

1

which Plaintiff and vocational expert Carolyn Rutherford testified. (Tr. 163–86). On October 4, 2002, the ALJ concluded that Plaintiff was not disabled, finding that she retained the ability to perform a significant range of light work and therefore could perform her past relevant work as a teacher or receptionist. (Tr. 19–20). On August 14, 2003, the Appeals Council denied review of the ALJ's decision which, thus, became final. (Tr. 4–6).

Plaintiff filed suit in this Court on September 23, 2003. Pursuant to a procedural order, both she and the Commissioner filed cross motions for summary judgment. The matter was referred to a Magistrate Judge, who has recommended that I deny Plaintiff's motion, grant the Commissioner's motion, and affirm the decision of the Commissioner denying benefits.

## STANDARD OF REVIEW

I may not review *de novo* the Commissioner's decision, nor may I re-weigh the evidence of record. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Rather, I must affirm the Commissioner's decision so long as it is supported by substantial evidence. See 42 U.S.C. §405(g); Montes v. Apfel, No. 99-2377, 2000 U.S. Dist. LEXIS 4030, at *2 (E.D. Pa. Mar. 27, 2000) (citing Richardson v. Perales, 402 U.S. 389, 401 (1972)).

Substantial evidence is "that which would be sufficient to allow a reasonable fact finder to reach the same conclusion; while it must exceed a scintilla, it need not reach a preponderance of the evidence." Id. at *2; see also Jesurum v. Sec'y of U.S. Dept. Of Health and Human Services, 48 F.3d 114, 117 (3d Cir. 1995). The ALJ must consider all relevant evidence in the record and provide some indication of the evidence she rejected and why she rejected it. See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). If the ALJ's findings are supported by substantial evidence, then the District Court is

bound by them even if the Court would have found different facts.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The extent of District Court review of a Magistrate Judge's Report is committed to the Court's discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  The District Court must review *de novo* those portions of the Report to which objection is made.  28 U.S.C. § 636 (b)(1)(c) (2004).  See generally Goney, 749 F.2d at 7.  The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## DISCUSSION

To prove disability, a claimant must show that (1) she is not currently engaged in "substantial gainful activity," as defined by the regulations, (2) she suffers from a "severe impairment," (3) her disability meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1, and (4) she does not have sufficient residual functional capacity to perform her past relevant work.  42 U.S.C. § 423(d)(2)(A) (2004); 20 C.F.R. § 404.1520(b)–(e).  The ALJ then considers a claimant's "ability to perform ('residual functional capacity'), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f).

Here, the ALJ found that Plaintiff retains the residual functional capacity to perform her past relevant work as a receptionist and a teacher.  Even though the ALJ found that Plaintiff

suffers from degenerative disc disease, she also found that this impairment does render Plaintiff disabled. Rather, the ALJ noted that "the record shows scant medical treatment for her complaints, as well as largely unimpressive clinical findings." (Tr. 18). Accordingly, the ALJ found that Plaintiff's complaints of worsening physical pain were not credible and concluded that Plaintiff is not disabled.

The Magistrate concluded that the ALJ's findings were supported by substantial evidence. Plaintiff objects to the Report and Recommendation, arguing that the ALJ (1) improperly failed to consider Plaintiff's obesity, (2) erred in her findings regarding Plaintiff's severe impairments, (3) had a duty to contact Plaintiff's prior physicians to clarify the basis of their medical assessments, (4) erroneously assessed Plaintiff's credibility, and (5) failed to ask the vocational expert about Plaintiff's ability to reach and handle.

### I. The ALJ's Failure to Consider Plaintiff's Obesity

Plaintiff argues that the ALJ was obligated to consider Plaintiff's obesity as a separate severe impairment, as an aggravating factor of Plaintiff's other ailments, and as a limitation on Plaintiff's functional abilities. Plaintiff cites to Social Security rulings stating that "[o]besity can cause limitation of function," and that "[t]he combined effects of obesity with other impairments might be greater than might be expected without obesity." SSR 00-3p; SSR 02-01p. Plaintiff never made this contention to the ALJ, but nonetheless contends that record evidence of her height and weight warranted an explicit consideration of her obesity at every step in the ALJ's evaluative process. (Tr. 58, 131, 165).

The Third Circuit has rejected this argument. Where, as here, a Plaintiff does "not specify how his obesity further impaired his ability to work, but speculates merely that his weight

4

makes it more difficult to stand and walk," the ALJ's reliance on the medical assessments "constitutes a satisfactory if indirect consideration of that condition." Rutherford v. Barnhart, 399 F.3d 546, 552–53 (3d Cir. 2005) (quoting Skarbek v. Barnhart, 390 F.3d 500 (7th Cir. 2004) (per curiam)).  Plaintiff did not testify that her weight was a problem, and her doctors' evaluations did not provide that her weight contributed to her ailments.  In these circumstances, I will not remand for explicit consideration of Plaintiff's obesity. Id.; see also Bowen v. Yuckert, 482 U.S. 137, 147 (1987) (placing the burden in a disability case on claimant because she is "in a better position to provide information").

## II.    The ALJ's Findings Regarding Plaintiff's Severe Impairments

The ALJ found that Plaintiff's sole severe impairment is degenerative disc disease of the cervical spine, and that this impairment does not prevent her from doing her past relevant work. Plaintiff argues that substantial evidence also established that Plaintiff suffers from obesity, severe degenerative disease of the left knee, and degenerative disc disease of the lumbar spine. The ALJ did not explicitly address Plaintiff's obesity or any claim of degenerative disc disease of the lumbar spine, and classified Plaintiff's "alleged left knee impairment" as not severe.  (Tr. 16).

A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521.  An impairment is "not severe" if it is only a slight abnormality or a combination of slight abnormalities that has no more than a minimal effect on an individual's ability to perform basic work activities.  Id.; SSR 96-3p.  A determination of whether an impairment is severe is based solely on medical factors affecting a claimant's ability to perform basic work activities.  Bowen, 482 U.S. at 141.   Basic work activities are "the abilities and

aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). To be deemed disabled, an individual must demonstrate impairments resulting in physical or mental limitations. Plummer v. Apfel, 186 F.2d 422, 428 (3d Cir. 1999). This determination is reserved to the ALJ. 20 C.F.R. § 404.1527.

Substantial evidence supported the ALJ's findings regarding severe impairments. As discussed above, the ALJ had no affirmative duty to discuss Plaintiff's obesity. In addition, Plaintiff presented no evidence that pain in her lumbar spine or left knee imposed functional limitations. As the ALJ noted in her decision, when Plaintiff saw a physician for her knee in 1998, an MRI showed mild degenerative changes but no serious medical problems. (Tr. 16). Her physician recommended conservative treatment, and Plaintiff has neither followed up with this treatment nor sought further medical advice since that time. Id. Moreover, Plaintiff never testified that her lumbar spine had caused her any difficulties or had received any treatment. An x-ray of the lumbar spine taken after Plaintiff stopped working showed normal mild degenerative changes, but no serious problem. Once again, substantial evidence supported the ALJ's findings that Plaintiff suffered only from degenerative disc disease of the cervical spine.

### III.     The ALJ's Obligation to Contact Plaintiff's Prior Treating Physicians

Plaintiff also argues that the ALJ had a duty to contact Drs. Lipson and Vangore to clarify their opinions before rejecting them. Social Security regulations provide that an ALJ is required to develop the record further only when "the evidence we receive from [a claimant's] treating physician is *inadequate* for us to determine whether [the claimant] is disabled." 20 C.F.R. 404.1512(e)(1) (emphasis added). Here, the ALJ found the record adequate to determine whether

or not Plaintiff was disabled. Accordingly, the ALJ needed no clarification from the doctors. See Thomas v. Barnhart, 278 F.3d 947, 958 (3d Cir. 2002) ("The requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability.").

### IV.  The ALJ's Credibility Findings

Plaintiff next contends that the ALJ erred in "finding that Plaintiff's statements concerning her impairments are not totally credible." (Pl. Objections at 12). Once again, I agree with the Magistrate that the ALJ acted within her discretion.

The ALJ must weigh evidence, resolve evidentiary conflicts, and determine credibility. Plummer, 186 F.3d at 429; Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). I am obligated to accept the ALJ's findings unless they are without basis in the record. Torres v. Harris, 494 F. Supp. 297, 301 (E.D. Pa. 1980). The ALJ's decision must contain specific reasons for credibility findings, "supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Schwartz v. Halter, 134 F. Supp. 2d 640, 654 (E.D. Pa. 2001) (quoting SSR 96-7p; Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999)). Because the ALJ hears live testimony, District Courts are particularly reluctant to overturn an ALJ's credibility determinations. Washington v. Barnhart, No. 04-1137, 2005 U.S. Dist. LEXIS 4835, *24–*25 (E.D. Pa. 2005); see also Irelan v. Barnhart, 243 F. Supp. 2d 268, 284 (E.D. Pa. 2003) ("[The] ALJ is empowered to evaluate the credibility of witnesses, and [her] findings on the credibility of claimants 'are to

be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.") (quoting Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997)).

In discrediting some of Plaintiff's testimony, the ALJ offered a careful explanation, observing that Plaintiff's complaints were wholly inconsistent with the objective medical evidence: "The record shows a dearth of intensive, longitudinal treatment immediately before and after the claimant's decision to retire from her teaching job." (Tr. 18). The ALJ also noted that during the period when Plaintiff considered treatment, she declined the treatment options offered to her, opted to take Tylenol and muscle relaxants instead, and continued to work full-time at her job. Id. Although she claimed that her problems were getting worse, she had not sought any additional medical treatment for her ailments. Id. The ALJ therefore considered Plaintiff's testimony in conjunction with the other evidence in the case and made a determination that was supported by substantial evidence. This was certainly within the ALJ's discretion. See Plumer, 186 F.3d at 429; Wilson, 1999 U.S. Dist. LEXIS 16712 at *9.

### V.     The ALJ's Hypothetical Questions to the Vocational Expert

Plaintiff's final objection is that the ALJ had a duty to question the vocational expert about Plaintiff's ability to reach and handle. This objection is meritless. The duty to pose hypothetical questions does not arise until step five of the analysis described above. When an ALJ finds that a claimant has the residual functional capacity to return to her past relevant work (a step four finding), the ALJ is not required to formulate a hypothetical question to the vocational expert about other work a Plaintiff might be able to accomplish. Mullin v. Apfel, 79

F. Supp. 2d 544, 549–50 (E.D. Pa. 2000).

Plaintiff has not specifically challenged the step four finding of residual functional capacity, nor could she, since that finding is based upon a thorough review of the record and is supported by substantial evidence. The ALJ first determined that Plaintiff had the residual functional capacity for a limited range of light work activity. (Tr. 15). The vocational expert testified competently that Plaintiff's past relevant work as a teacher and receptionist is consistent with this residual functional capacity. (Tr. 184). The ALJ's determination was thus supported by substantial evidence, and she had no obligation to formulate any hypothetical questions to the vocational expert. See Mullin, 79 F. Supp. At 549–50.

## **CONCLUSION**

In sum, Plaintiff asks me to re-weigh evidence, entertain claims not made at the agency level, and change credibility determinations. Because I find substantial evidence supports the ALJ's factual determinations, I overrule Plaintiff's Objections and adopt the Report and Recommendation of the Magistrate Judge.

An appropriate Order follows.

_____
PAUL S. DIAMOND, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAYRA BALANIAN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-5352 |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

## ORDER

AND NOW, this 1st day of November, 2005, upon consideration of Plaintiff's Motion for Summary Judgment, Defendant's Motion for Summary Judgment, Magistrate Judge M. Faith Angell's Report and Recommendation, and Plaintiff's Objections, Magistrate Judge Angell's Report and Recommendation is **APPROVED and ADOPTED**.

The Motion for Summary Judgment of Defendant, Jo Ann Barnhart, Commissioner of the Social Security Administration, is **GRANTED**.

The Motion for Summary Judgment of Plaintiff, Nayra Balanian, is **DENIED**.

The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT

_____
PAUL S. DIAMOND, J.